EDITH M. KINNEAR, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 38158.   Promulgated September 9, 1930.

*Fred S. Houston, Esq.*, for the petitioner.
*Hartford Allen, Esq.*, for the respondent.

## OPINION.

BLACK: The question involved in this proceeding is how to treat for income-tax purposes the $2,454 received by the petitioner in 1926 from the Northwestern Mutual Life Insurance Co. as interest and dividends on the two life insurance policies described in our findings of fact.

Section 213 (b) (1) of the Revenue Act of 1926 reads as follows:

(b) The term "gross income" does not include the following items, which shall be exempt from taxation under this title:

(1) Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or in installments (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income).

Counsel for petitioner in his brief contends that the agreement to pay interest and dividends referred to in the foregoing language of the statute contemplates a situation where the beneficiary volun-

tarily leaves the proceeds of life insurance policies with the company and receives interest thereon, but does not contemplate a situation where the insured by direction prior to his death has instructed the insurance company to retain the principal amount of the policy and pay to the beneficiary only the interest and dividends, without privilege of revocation or surrender on the part of the beneficiary. It was contended by counsel for petitioner that the amount of interest and dividends received by the petitioner on these insurance policies during the taxable year was as much a part of the proceeds of the policies as the principal sum stated therein, and are therefore exempt from inclusion in gross income. We do not agree to this interpretation of the statute.

H. R. 1, 69th Congress, 1st Session, which finally became the Revenue Act of 1926, contained the following provision:

The term gross income does not include the following items which shall be exempt from taxation under this Title—(1) amounts received under a life insurance contract paid by reason of the death of the insured whether in a single sum or in installments.

After the bill had passed the House of Representatives, the provision above referred to was amended in the Senate by adding:

(but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income).

The foregoing amendment was agreed to in conference and the provision became the law in the language set forth in the beginning of our opinion herein.

As throwing light on what Congress had in mind when it used the language: "(but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income)," we quote from the Report of the Senate Finance Committee, Report No. 52, to accompany H. R. 1. On page 20 of said report we find the following:

PROCEEDS OF LIFE-INSURANCE POLICIES

Section 213 (b) (1): Under existing law, the proceeds of life-insurance policies " paid upon the death " of the insured are exempt. The House bill, in order to prevent any interpretation which would deny the exemption in the case of installment payments, amended this provision so that proceeds " paid by reason of the death " of the insured would be exempt. In order to prevent an exemption of earnings, where the amount payable under the policy is placed in trust, upon the death of the insured, and the earnings thereon paid. the committee amendment provides specifically that such payments shall be included in gross income. * * *

To the same effect is the statement accompanying the Conference Report to the House of Representatives, submitted February 22, 1926, to accompany H. R. 1. On page 33 of that statement is found the following language:

Amendment No. 17: Under existing law, the proceeds of life insurance policies "paid upon the death" of the insured are exempt. The House bill, in order to prevent any interpretation which would deny the exemption in the case of installment payments, amended this provision so that proceeds "paid by reason of the death" of the insured would be exempt. In order to prevent an exemption of earnings where the amount payable under the policy is placed in trust upon the death of the insured and the earnings thereon paid, the Senate amendment provides specifically that such payments shall be included in gross income.

From a study of the language above cited, we conclude that it was clearly the intent of Congress to include in gross income of the taxpayer earnings received during the taxable year from a life insurance policy, where the amount payable under such life insurance policy has been placed in trust by the insured under an agreement that the earnings thereon shall be paid to the beneficiary. The $2,454 received by the petitioner during the taxable year from the Northwestern Mutual Life Insurance Co. appears to have been payments of that kind, and we hold that respondent did not err in including such amount in gross income for the taxable year.

Reviewed by the Board.

*Judgment will be entered for the respondent.*