SIDNEY W. WINSLOW, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88605. Promulgated February 9, 1939.

*C. Clifton Owens, Esq.*, for the petitioner.
*Paul E. Waring, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The amount of $45,473.40 received by petitioner from the insurer prior to the taxable year 1934 represents 17 annual installments of $2,000 each ($34,000) and dividends of $11,473.40. No part of this had been reported by petitioner as income in the years received. Now the Commissioner determines that the commuted value of the $100,000 to be paid in 50 annual installments of $2,000 each, agreed by the parties to be $53,000, is the amount exempt from tax; that this exemption has already been applied to $45,473.40, leaving $7,526.60 still subject to the exemption; that the exemption of this $7,526.60 must be spread ratably over the remaining 33 years of periodic payments; and that hence only the pro rata amount of $228.08 is the exempt portion of the $2,581.40 received in 1934, thus adding $2,353.32 to 1934 income to be taxed.

Assailing this determination, the petitioner argues that the entire payment of $2,581.40 is tax-exempt; that at least $2,000 thereof is, and that even if the Commissioner's theory is correct, his computation is incorrect in that he uses all unreported income from installment payments of prior years to reduce the amount to be exempted on future installments, thereby seeking to correct past errors by present adjustments.

Section 22 (b) (1), Revenue Act of 1934, provides for the exemption from tax of:

(1) LIFE INSURANCE.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income).

Such a provision (except that "in installments" was used in lieu of "or otherwise"), was enacted as section 22 (b) (1), Revenue Acts of 1932 and 1928, and section 213, Revenue Act of 1926. Section 213, Revenue Act of 1924, and previous acts exempted:

(1) The proceeds of life insurance policies paid upon the death of the insured.

The change in the 1926 Act was intended:

* * * to prevent any interpretation which would deny the exemption in the case of installment payments, * * *

and the parenthetical clause was added:

* * * In order to prevent an exemption of earnings where the amount payable under the policy is placed in trust upon the death of the insured and the earnings thereon paid * * *. [Conference Report, H. R. 1, 69th Cong., 1st sess., p. 33.]

The phrase "or otherwise" in the 1934 Act supplanted "or in installments" in the 1932 Act to make it clear:

* * * that the proceeds of a life-insurance policy payable by reason of the death of the insured in the form of an annuity are not includible in gross income. [Finance Committee Report No. 558. 73d Cong., 2d sess., p. 23.]

Congress has thus clearly manifested an intention to exempt amounts received by the beneficiary of a policy, "paid by reason of the death of the insured" in installments or in annuities, and has departed from language which might be construed to exempt only the amount "paid upon the death of the insured", or at that time.

Both the plain wording of the section and its legislative history show that the $2,000 installments were intended to be fully exempted from tax, for they were received by reason of the death of the insured and were expressly receivable as installments. The Commissioner so construed the exemption under early acts in several rulings.[2] After the Board's decision of *Edith M. Kinnear*, 20 B. T. A. 718, in 1930, the rule was changed. Respondent now relies on the *Kinnear* case as support for the change of administrative rule and for the determination here. Kinnear was the beneficiary of a policy on her father's life, which, as originally written, entitled her to $25,000 upon proof of the insured's death. But by request of the insured the policy had been endorsed to provide that:

\* \* \* settlement of the full proceeds of this policy shall be made with Edith M. Kinnear, the beneficiary, in accordance with the provisions of Option A, payable monthly, without privilege of revocation or surrender.

Option A provided that upon the insured's death the company should hold the proceeds of the policy until the death of the beneficiary and pay 3 percent annual interest thereon. By another provision the payments were to be increased, as they were here, by annual dividends of the company. Kinnear argued under the 1926 Act that the statute:

\* \* \* does not contemplate a situation where the insured by direction prior to his death has instructed the insurance company to retain the principal amount of the policy and pay to the beneficiary only the interest and dividends, without privilege of revocation or surrender on the part of the beneficiary.

The Board rejected the argument. It reviewed the above cited Committee reports, addressed itself to the taxable status of interest and dividends on policy proceeds which the insured had required the company to hold, and found no reason in the beneficiary's lack of power to alter the arrangement for a failure to apply strictly the language of the parenthetical clause. This case is authority only for the taxation of interest and dividends on an amount which might have been paid in a lump sum at the time of death but which because of the insured's unalterable directions was held by the company.

The Commissioner, however, used it as warrant for a change in his former rulings, and in G. C. M. 13796, XIII–2 C. B. 41 (Oct. 2, 1934), cited it in holding that the successive statutes:

\* \* \* exclude from gross income only the principal sum of the capital value of a life insurance policy as of the time of the insured's death, and do

---

[2] O. D. 433, 2 C. B. 91; L. O. 995, 2 C. B. 90; O. D. 612, 3 C. B. 120; O. D. 767, 4 C. B. 231; O. D. 1010, 5 C. B. 100; G. C. M. 10843, XI–2 C. B. 22.

not exclude any amounts which are added to such principal sum (when it is paid in installments) by reason of the running of time. * * *

He thought it logical:

* * * that Congress intended to exclude from gross income only the proceeds of life insurance policies which are reportable for estate tax purposes. * * *

and reasoned that:

* * * "proceeds" when allowed to remain with the insurance company earn additional amounts which * * *. * * * accrue by reason of the running of time or by reason of the fact that final settlement is postponed to a date beyond the date of death. * * *

Whether such an arrangement with the company was made by the beneficiary or by the insured was regarded as immaterial. Since the *Kinnear* decision considered only interest and dividends on the face amount of the policy which was retained by the company, it falls short of supporting the treatment in G. C. M. 13796 of insurance proceeds received by reason of the insured's death.

The gist of G. C. M. 13796 was incorporated in Regulations 86, article 22 (b) (1)–1:

* * * The amount exempted is the amount payable had the insured or the beneficiary not elected to exercise an option to receive the proceeds of the policy or any part thereof at a later date or dates. If the policy provides no option for payment upon the death of the insured, or provides only for payments in installments, there is exempted only the amount which the insurance company would have paid immediately after the death of the insured had the policy not provided for payment at a later date or dates. * * *

\* \* \* \* \* \* \* \*

(b) * * * If the proceeds are payable in installments for a fixed number of years, * * * the amount that would have been payable by the insurance company immediately upon the death of the insured (if payment at a later date had not been provided for) is to be divided by the total number of installments payable over the fixed number of years for which payment is to be made, and the quotient represents the portion of each installment to be excluded from gross income. The amount of each installment in excess of such excluded portion is to be included in gross income. * * *

Under this regulation the commuted value of proceeds, as of the date of the insured's death, is the maximum exemption no matter how or when payable or why.

Respondent defends this article by quoting from the *Kinnear* opinion that a beneficiary is taxable on earnings from a policy:

* * * where the amount payable * * * has been placed in trust by the insured under an agreement that the earnings thereon shall be paid to the beneficiary. * * *

But the $2,000 installments were not earnings on an amount payable. Respondent cites *United States* v. *Heilbroner*, 100 Fed. (2d) 379, affirming 22 Fed. Supp. 368, which is substantially similar to *Kin-*

*near, supra.* Heilbroner was the beneficiary of insurance policies on the life of her husband, who died after directing the company to hold the face amounts for payment to children on his wife's death and to pay the wife interest and dividends annually apportioned to the policies by the issuing companies during her lifetime. In holding such interest and dividends taxable, the court treated them as:

\* \* \* sums paid by the companies for the retention and use of the face amounts of the various policies without impairment of the obligations ultimately to pay the principal amounts of the several policies to the remaindermen.

The arrangement was thought to be similar to the establishment of a trust for the payment of interest on principal to a beneficiary. It was thought:

\* \* \* reasonable to suppose that Congress intended to exclude from gross income only the proceeds of policies which are reportable for estate tax purposes. \* \* \* This interpretation \* \* \* prevents an insured from eliminating from taxation income arising from the proceeds of a life insurance policy by making it payable to the beneficiary for a period during which the payment of the principal sum is suspended.

\* \* \* \* \* \* \*

\* \* \* The amounts to be held under an agreement to pay interest are the proceeds of the policies at whatever time receivable after the death of the insured.

This rationale establishes that the income from the retained face amount of a policy is taxable and conversely implies that the face value remains the "proceeds" no matter when paid.

In our opinion, the wording of the statute, that amounts received in installments by the beneficiary and paid by reason of the death of the insured, covers each $2,000 installment, and each is therefore exempt from tax in its entirety when paid.

This holding is harmonious with decisions that from the standpoint of the payer periodic payments of a principal amount in installments give no deduction of a part thereof as if it were interest. *Daniel Brothers Co.* v. *Commissioner*, 28 Fed. (2d) 761; *Henrietta Mills, Inc.* v. *Commissioner*, 52 Fed. (2d) 931; *Corbett Investment Co.* v. *Helvering*, 75 Fed. (2d) 525; *MacDonald* v. *Commissioner*, 76 Fed. (2d) 513; *Penn Mutual Life Insurance Co.* v. *Commissioner*, 92 Fed. (2d) 962.

There is, however, no support for the petitioner's argument that the additional amount of $581.40 received by petitioner in 1934 is likewise exempt. This was a distribution out of the earnings of the corporation appropriately called in the bond an "excess interest dividend." While it was paid by virtue of the corporation's contractual obligation, it was a gain to petitioner currently derived from the principal invested. In its essential nature it resembles the earnings

held taxable in *Heilbroner* and *Kinnear, supra.* This "excess interest dividend" was not received solely "by reason of the death of the insured", as was the $2,000; it was paid also by reason of the withholding of the future installments of the principal amount and their profitable investment by the corporation. Thus they are not squarely within the statutory exemption and are like any other income from an investment.

*Decision will be entered under Rule 50.*