WINIFRED WHEELER McINTYRE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ROBERT T. WHEELER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 103221, 103222. Promulgated September 12, 1941.

*Egbert Robertson, Esq.*, for the petitioners.
*Leonard A. Spalding, Jr., Esq.*, for the respondent.

OPINION.

TURNER: The question presented is whether the payments received by the petitioners under the insurance contracts in question are to be excluded from their income under section 22 (b) (1) of the Revenue Act of 1936, which provides as follows:

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this title:

(1) LIFE INSURANCE.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon the interest payments shall be included in gross income).

In making his determination the respondent relied on article 22 (b) (1)–1 of Regulations 94, which constitutes his interpretation of the above statutory provision and provides in part as follows:

* * * The amount exempted is the amount payable had the insured or the beneficiary not elected to exercise an option to receive the proceeds of the policy or any part thereof at a later date or dates. If the policy provides no option for payment upon the death of the insured, or provides only for payments in installments, there is exempted only the amount which the insurance company would have paid immediately after the death of the insured had the policy not provided for payment at a later date or dates. Any increment thereto is taxable. In any mode of settlement the portion of each distribution which is to be so included in gross income shall be determined as follows:

* * * * * * *

(b) *Proceeds payable in installments for a fixed number of years.*—If the proceeds are payable in installments for a fixed number of years, the amount that would have been payable by the insurance company immediately upon the death

of the insured (if payment at a later date had not been provided for) is to be divided by the total number of installments payable over the fixed number of years for which payment is to be made, and the quotient represents the portion of each installment to be excluded from gross income. The amount of each installment in excess of such excluded portion is to be included in gross income. * * *

(c) *Proceeds payable in installments during the life of the beneficiary.*—If the proceeds are payable in installments during the life of the beneficiary the amount of each installment that is to be included in gross income will be determined as in paragraph (b) of this article, except that the number of years to be used in the specified computation will be determined by the life expectancy of the beneficiary, as calculated by the table of mortality used by the particular insurance company in determining the amount of the annuity.

(d) *Proceeds payable for a fixed number of years and for continued life.*—If the proceeds are payable in installments for a fixed number of years and for continued life, the amount of each installment that is to be included in gross income will be determined either as provided in paragraph (b) of this article if the fixed number of years for which payment is to be made exceeds the life expectancy of the beneficiary, as calculated by the table of mortality used by the particular insurance company in determining the amount of the annuity; or, as provided in paragraph (c) of this article if such life expectancy exceeds the specified fixed period.

If a mode of settlement has been in effect prior to the first taxable year which begins after December 31, 1933 (or after December 31, 1935, in the case of a mode of settlement described in paragraph (d) of this article), the entire amount received and excluded from gross income in such prior years shall be deducted from the proceeds payable upon the death of the insured; the remainder shall be divided by the number of installments unpaid at the beginning of such taxable year (whether over the remaining portion of the fixed period or over the life expectancy as of that date, depending on the mode of settlement adopted); and that quotient shall be the excludible portion of each installment. As soon as the aggregate of the amounts received and excluded from gross income under the methods of computation provided for in this article equals the amount of the proceeds payable upon the death of the insured, the entire amount received thereafter in each taxable year must be included in gross income.

The respondent, apparently applying that regulation to the instant facts, held that, of the payments received by the petitioners under the two policies, $793.64 was taxable to each of them as interest. That figure was arrived at by deducting from $41,885.92 (total installments received by Eustacia C. Wheeler during her lifetime) the amount of $674.82 on which tax was paid by her executor, and, by subtracting the remainder, $41,211.10, from the lump sum face value of the policies ($50,000), leaving $8,788.90 as the net amount of the remaining installments to be received free from tax; then, by subtracting that amount from the aggregate of the commuted value payments received by the two petitioners ($10,376.18), he arrived at $1,587.28 which was to be treated as taxable interest, one-half to each petitioner, or $793.64.

The petitioners contend that the payments in question were amounts received under life insurance contracts paid by reason of the death of the insured and are to be excluded from their gross income under the

first part of section 22 (b) (1), *supra;* that the respondent's regulation as applied here has been held by this Board and the courts in substantially similar cases to be in conflict with the revenue act and invalid, *Sidney W. Winslow, Jr.*, 39 B. T. A. 373; affd., 113 Fed. (2d) 418; and *Commissioner* v. *Bartlett*, 113 Fed. (2d) 766; and, further, that the respondent's interpretation of the statutory provision, as set forth in his regulations and as applied here, would render the act violative of the Fifth Amendment to the Constitution, since it would deprive the taxpayers of property without due process of law in that it would impose upon them a tax based upon income received by another, namely, their grandmother, Eustacia C. Wheeler.

Under the cases cited, the contentions of the petitioners must be sustained. Furthermore, except for certain of the items in the *Bartlett* case, it is our opinion that the petitioners here are in an even stronger position. In those cases the petitioners' position was comparable to that of Eustacia C. Wheeler in the instant case, and the respondent argued in those cases that, since the insurance company withheld a portion of the proceeds of insurance and made use of it during the period in which installment payments were being made, a portion of such payments constituted interest for the use of the proceeds withheld. That argument was rejected. Here his argument is even less tenable, because the petitioners were not entitled to any payments whatever until the death of Eustacia C. Wheeler, and, if she had lived long enough to receive installments for ten years certain, they would not have received anything. Upon her death the remaining payments certain were commuted and paid to them in a lump sum in complete settlement of the obligation. Since it is apparent that no payments were withheld from these petitioners, we think the respondent's contention here is even less meritorious than it was in the cases cited. Even if it be conceded that a portion of the installment payments of this character represented interest, which is contrary to the cases cited, it would seem to us that such interest was eliminated therefrom in the instant case by the very act of commutation. In fact, the respondent's regulation in question does not seem to make provision for the precise factual situation existing in the instant case, and the commutation which was supposed to have been made thereunder appears to be a further extension of the rule there enunciated, which, in our opinion, is unwarranted.

We hold that the payments in question received by the petitioners under the life insurance contracts are to be excluded from their income under section 22 (b) (1), *supra.*

*Decisions will be entered under Rule 50.*