Kathleen E. Paul v. Commissioner.
Paul v. Commissioner
Docket No. 105314.
United States Tax Court
1945 Tax Ct. Memo LEXIS 342; 4 T.C.M. (CCH) 43; T.C.M. (RIA) 45021; January 17, 1945
Maurice R. McMicken, Esq., 657 Colman Bldg., Seattle, Wash., for the petitioner. Wilford H. Payne, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: In his determination of a deficiency of $25.99 in income tax against petitioner for 1938 the respondent included in gross income a portion of certain amounts received by petitioner as beneficiary of insurance policies on the life of her deceased husband. The issue is: What portion, if any, of the payments is subject to taxation? The petitioner claims an overassessment of $15.62. The facts are set forth in a stipulation which we adopt as our findings of fact. [The Facts] Petitioner filed her return for 1938 with *343 the collector for the district of Washington. Her husband, Charles A. Paul died March 15, 1935, leaving two insurance policies on his own life. The policy issued by the Provident Mutual Life Insurance Company of Philadelphia, provided, among other things, that upon the death of the insured before maturity there would be paid to petitioner, as beneficiary, 240 monthly income installments certain of $15 each. Petitioner had the right to receive the commuted value of unpaid installments certain upon the death of the insured, or upon the maturity of any installment certain. The income installments certain had a commuted value of $2,733 at the time of death of the insured. The policy also provided that "The income installments certain shall participate in such proportion of the divisible surplus of the company as the company may each year allot and set apart thereto." Upon the death of the insured, petitioner surrendered the policy to the insurer and received a certificate containing like provisions for payment and commuting the installment payments. The certificate recited that it was issued in consideration of the surrender of the policy. During the taxable year petitioner received *344 under the certificate issued by the insurer 12 monthly installments of $15 each and $14.16 representing participation in the insurance company's surplus allotted to the certificate. The other policy, issued by the Connecticut Mutual Life Insurance Company, contained various optional settlements exercisable by the insured. Upon the issuance of the policy the insured applied for and received a trust agreement from the insurer. The trust agreement provided for payment to petitioner, as beneficiary, upon maturity of the policy, 240 monthly installments, installments after the first one to be "increased by such surplus interest earnings as shall from time to time be determined and thereto apportioned by the Company." Upon the death of the insured the insurance company issued its certificate of trust as of March 15, 1931, in which it agreed to retain in trust the amount of $25,142.25 payable under the policy, with the right to mingle the whole or any part thereof with its general corporate funds and pay to petitioner from the principal and income of the trust fund 240 monthly installments of $138.62 each. The certificate contained the following provision respecting additional payments: *345 "Such installments are computed upon the basis of 3 per cent compound interest; installments after the first will be increased by such surplus interest earnings as shall from time to time be determined and thereto apportioned by the Company." During 1938 petitioner received under the certificate of trust 12 monthly installments of $138.62 each, a total of $1,663.44, and $103.45 representing participation in the insurer's surplus interest earnings. The respondent concedes upon brief that the item of $1,663.44 is exempt from taxation under the provisions of section 22(b)(1) of the Revenue Act of 1938. The concession flows from lack of an option in favor of petitioner as beneficiary to receive the cash value of the policy at date of death of the insured, or a larger amount payable in installments. He contends that petitioner had and exercised such an option under the policy of insurance issued by the Provident Mutual Life Insurance Company, and accordingly, the installments in excess of the commuted value of $2,733 are taxable under the provisions of section 22(b)(1), supra, and article 22(b)(1)-1 of Regulations 101 as amended. Petitioner denies that she exercised the option granted *346 by the policy. This difference of opinion between the parties need not be resolved. The respondent admits that the recent case of Katharine C. Pierce, 2 T.C. 832, is opposed to his contention. There the taxpayer, as beneficiary of a policy of life insurance, elected to receive the proceeds of the policy by installment payments instead of a lump sum upon maturity. We concluded that the beneficiary's "situation is not distinguishable in principle from that which underlies * * *," Sidney W. Winslow, Jr., 39 B.T.A. 373; affd., 113 Fed. (2d) 418, and other cases and declined to recognize section 19.22(b)(1)-1 of Regulations 103, as amended, as a proper interpretation of section 22(b)(1), I.R.C. The arguments being made here by the respondent were carefully considered in that proceeding. Upon appeal this Court was affirmed. Commissioner v. Pierce, 146 Fed. (2d) 388 (C.C.A., 2d Cir., December 27, 1944). The question is controlled by the Pierce case, and accordingly, we decide that the payments totaling $180 received from the Provident Mutual Life Insurance Company as installments are exempt from taxation under the *347 provisions of section 22(b)(1), supra. This leaves for consideration the items of $14.16 paid to petitioner as a participation in the Provident Mutual Life Insurance Company's surplus, and the $103.45 representing participation in surplus interest earnings under the Connecticut Mutual Life Insurance Company policy. The petitioner concedes that the opinion of this Court in the Pierce case, supra, is contrary to her contention that these two items are not taxable, but asks us to reexamine the question in the light of Allis v. LaBudde, 128 Fed. (2d) 838; Kaufman v. United States, 131 Fed. (2d) 854; Commissioner v. Bartlett, 113 Fed. (2d) 766; G.C.M. 23523, I.R.B., 1943-6, p. 9, and a letter of Deputy Commissioner Mooney, dated April 17, 1943. Although the above citations were not discussed in our opinion in the Pierce case, we find that the court cases were cited and that the Commissioner contended that the amounts were taxable as interest under United States v. Heilbroner, 100 Fed. (2d) 379, which with Edith M. Kinnear, 20 B.T.A. 718, was relied upon in the opinion in the Winslow case, supra. That case *348 was cited to the Court and contention made that the letter of Deputy Commissioner Mooney was contrary thereto. It is apparent, therefore, that the contentions and cases advocated by the petitioner herein received consideration in the Pierce case. In the LaBudde, Kaufman and Bartlett cases, the insured exercised the option. G.C.M. 23523 is apparently limited to amounts added in computing installments, without application to additional amounts paid as earnings or dividends. We therefore consider the Pierce case as governing here. In any event, we think it clear that the earnings of the companies distributed to petitioner may not be viewed in the same category with the installments of insurance. No distinction was made by the Circuit Court in the Pierce case as to $324 dividends, - though it is true that the taxpayer's appeal was not pressed. We hold that the two items, $14.16 and $103.45, were taxable income to the petitioner. Decision will be entered under Rule 50.