**NEW ENGLAND MUT. LIFE INS. CO. v. WELCH, Former Collector of Internal Revenue.**

No. 4081.

Circuit Court of Appeals, First Circuit.

Jan. 24, 1946.

Ralph C. Williams, Jr., of Boston, Mass. (George Hoague, of Boston, Mass., of counsel), for appellant.

Leland T. Atherton, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Helen R. Carloss, and Leland T. Atherton, Sp. Assts. to Atty. Gen., and Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., of counsel), for appellee.

Before ALBERT LEE STEPHENS, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from a judgment entered for the defendant in a suit brought to recover federal income taxes for the year 1934 paid under protest.

The plaintiff-appellant is a mutual life insurance company organized many years ago under the laws of Massachusetts and having its home office in the City of Boston. It is authorized to do business and does business in nearly all of the States of the United States.

For many years prior to the tax year here involved it sold ordinary life insurance policies containing provisions generally known in life insurance circles as "Supplementary Contracts not involving Life Contingencies." For present purposes these may be described as options whereby the insured, and in some cases the beneficiary, is permitted to elect payment of the net amount due under the policy, instead of in a lump sum upon maturity, in instalments either annually over a fixed number of years, or annually in a fixed amount based upon the age of the payee when the option becomes operative, until ten or twenty instalments certain (as may have been selected) have been paid, and thereafter during the life of the payee. The policies provide that the values of the instalments payable if either option is elected are computed on the basis of 3% interest compounded annually.

To provide for the payment of life policies which had matured in 1934 and prior years and were payable in 1934 and subsequent years in which one or the other of the above options had been taken up, the plaintiff was required by the laws or by valid administrative regulations of the state of its incorporation and of the states in which it did business to carry a liability on its books denominated "Present value of amounts not yet due on Supplementary Contracts not involving Life Contingencies." For the year 1934 the mean amount of this liability, in so far as held in re-

spect to the above options exercised by the insured in his or her lifetime, was $3,-651,424.40. The plaintiff contends that this amount was part of its "reserve funds required by law" and consequently that it is entitled under § 203(a) (2) [1] of the Revenue Act of 1934, 48 Stat. 732, 26 U.S.C.A. Int.Rev.Acts, page 730, to deduct 3¾% thereof.

Furthermore during the calendar year 1934, the plaintiff, pursuant to the terms of its policies, paid $113,135.37 as the interest content of annual instalments due to holders of supplementary contracts wherein the option had been exercised by the insured. It contends, as an alternative to its first contention, that it is entitled under the above section, sub-paragraph (8), [2] to deduct this amount as interest paid on its indebtedness during the taxable year.

It is stipulated that if the plaintiff is entitled to recover on either ground, it will be entitled to recover the full amount demanded in its complaint.

█ There is plausibility to the argument that reserves maintained by a life insurance company for its "Supplementary Contracts not involving Life Contingencies" may be used in computing the deduction permitted by § 203(a) (2) supra. But the Supreme Court in Helvering v. Inter-Mountain Life Ins. Co., 294 U.S. 686, 55 S. Ct. 572, 79 L.Ed. 1227, and Helvering v. Illinois Ins. Co., 299 U.S. 88, 516, 622, 57 S.Ct. 63, 81 L.Ed. 56, 458, held otherwise. In the case last cited 299 U.S. page 90, 57 S.Ct. 64, 81 L.Ed. 56, 458, it is stated: "The phrase 'required by law' includes only reserves that directly pertain to life insurance. Other reserves, even though required by state statutes regulatory of the business authorized to be carried on by life insurance companies, are not included." In fact the plaintiff concedes that the above cases are in point and are authorities against its contention with respect to reserves. But it contends that the rule of the

above cases "came upon the rocks of disaster" in the case of Helvering v. Oregon Mutual Life Ins. Co. 311 U.S. 267, 61 S.Ct. 207, 85 L.Ed. 180, and from this it is argued that we ought not to follow them and apply their rule here. We do not agree.

The Oregon Mutual case dealt with reserves maintained for combined life, health and accident policies and so is not in point. Furthermore we find no indication from anything said therein of a purpose to depart from the rule of the earlier decisions cited above. Under these circumstances we see no occasion even to consider the basic question whether we would adopt the doctrine of Barnette v. West Virginia State Board of Education, D.C. 47 F.Supp. 251, 253, and Spector Motor Service v. Walsh, 2 Cir., 139 F.2d 809, 817, 823, and in extraordinary situations disregard controlling decisions of the Supreme Court not yet explicitly overruled. It will suffice to say that we would feel disposed to consider taking such a course only when there are the clearest indications that the controlling decision of the Supreme Court, though not formally overruled, would no longer be followed by that Court and we find no such indications here.

The plaintiff's alternative ground for recovery presents more difficulty.

The Commissioner has conceded that under § 203(a) (8) supra, the appellant is entitled to deduct as interest paid within the taxable year on its indebtedness the interest content of instalments paid to holders of supplementary contracts when the instalment method of payment was elected by the beneficiary after the death of the insured. The question is whether a similar deduction should be allowed when payment in instalments was elected by the insured during his lifetime.[3]

This question has never been answered by the Supreme Court and Circuit Courts of Appeals have differed on it. In the

---

[1] "§ 203, Net income of Life Insurance Companies.

"(a) General Rule. In the case of a life insurance company the term 'net income' means the gross income less—

* * *

"(2) Reserve Funds. An amount equal to 4 per centum of the mean of the reserve funds required by law and held at the beginning and end of the taxable year, except that in the case of any such reserve fund which is computed

at a lower interest assumption rate, the rate of 3¾ per centum shall be substituted for 4 per centum."

[2] "(8) Interest. All interest paid within the taxable year on its indebtedness

* * *."

[3] This question has now been answered in the affirmative by T.D. 5222, 1943 Cum.Bul. 508 amending § 19.201-5 of Reg., 103 interpretive of § 203 (a) (7) of the Internal Revenue Code (53 Stat. 72) as amended by § 163 (c) (6) (B)

Third Circuit it is held that when election is by the insured in his lifetime, the obligation to pay instalments which include an element of interest is an obligation of the policy, and that no obligation of debt arises until there is an obligation to pay, and there is no obligation to pay until, first, the policy has matured by the death of the insured, and second, the due dates of the respective instalments have arrived. From this it is concluded that in the event of election by the insured no "interest on indebtedness" can become payable until an instalment is past due and hence under the circumstances under consideration here no deduction may be taken under § 203(a) (8). Penn Mutual Life Ins. Co. v. Commissioner, 3 Cir., 92 F.2d 962, 967. The Circuit Court of Appeals for the Fifth Circuit in Commissioner v. Pan-American Life Ins. Co. 111 F.2d 366, 369, took the same view.

■ The Circuit Court of Appeals for the Second Circuit, however, thought otherwise. It said in Equitable Life Assur. Soc., etc. v. Helvering, 137 F.2d 623, 626: [4]

"With due respect for the decision in Penn Mut. Life Ins. Co. v. Commissioner, supra, we are not persuaded that it should make any difference whether the insured or the beneficiary has exercised the option. Upon the death of the policy-holder the company became a debtor of the beneficiary in the face amount of the policy, and the additional payments were interest paid or accrued within the taxable year on an indebtedness of the company even though the due date of the indebtedness may have been postponed by the insured. We, therefore, hold that the decision of the Tax Court should be modified so as to allow the deduction of the guaranteed interest whether the options were exercised by the insured or the beneficiary."

We think the answer given by the Circuit Court of Appeals for the Second Circuit is the better.

■ "In the business world 'interest on indebtedness' means compensation for the use or forebearance of money.[5] In absence of clear evidence to the contrary, we assume that Congress has used these words in that sense." Deputy v. Du Pont, 308 U.S. 488, 498, 60 S.Ct. 363, 368, 84 L.Ed. 416. That is to say, the term "interest on indebtedness" as used in the statute has two references. It refers to the compensation payable to the creditor for the failure of the debtor to pay what he owes when due, and it refers to the "amount which one has contracted to pay for the use of borrowed money" during the time agreed upon for the loan to run. Old Colony R. Co. v. Commissioner, 284 U.S. 552, 560, 52 S.Ct. 211, 76 L.Ed. 484. See also Equitable Society v. Commissioner, 321 U.S. 560, 564, 64 S.Ct. 722, 88 L.Ed. 927. It seems to us that in the Third and Fifth Circuits the aspect of interest as compensation for the detention of money due and owing is emphasized to the exclusion of the aspect of interest as compensation for the use of borrowed money during the agreed term of the loan.

■ The basic obligation of an ordinary life insurance policy is to pay a given sum of money, i. e., the face amount of the policy, upon proof of the death of the person insured. If by supplementary contract payment of this amount is postponed, the insurance company enjoys the use of the money, or some part of it, over the period of the postponement regardless of whether the person to whom it is indebted for permission to make such use is the insured or the beneficiary. And for this use it pays a compensation which in the ordinary parlance of the business world would be called "interest on indebtedness" even though no obligation to pay anything arises until an instalment falls due. Money owing constitutes indebtedness and the hire paid for it is commonly called interest during the time agreed for the loan to run as well as

of the Revenue Act of 1942 (56 Stat. 868, 26 U.S.C.A. Int.Rev.Acts) which provides in part: "It is immaterial whether the optional mode of settlement specified in the insurance or annuity contract arises from an option exercised by the insured during his or her lifetime or from an option exercised by a beneficiary after the policy has matured, frequently referred to as a supplementary contract not involving life contingencies; * * * No distinction is

made based on the person choosing the method of payment. * * *"

[4] The Supreme Court granted certiorari in this case but did so on a point not before us in the case at bar. 321 U.S. 560, 64 S.Ct. 722, 88 L.Ed. 927.

[5] In a footnote appended at this point the Supreme Court points out that in some contexts the term "interest" may also be used to describe damages for the detention of money or other property.

264

after that time has passed. In the former situation interest is compensation for the use of money; in the latter it is compensation for the detention of it. But in both situations it is "interest on indebtedness." Thus we conclude that the payments here in question, amounting by stipulation to $113,135.37, were payments of interest in the sense of "compensation for the use * * * of money" (Deputy v. Du Pont, supra) and from this it follows that they are deductible as within the definition of "interest on indebtedness" as used in the statute.

The judgment of the District Court is reversed and the case is remanded to that court for the entry of a judgment for the plaintiff in the amount demanded with interest.