## COMMISSIONER OF INTERNAL REVENUE v. BARTLETT.
### No. 352.

Circuit Court of Appeals, Second Circuit.
July 22, 1940.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Warren F. Wattles, Sp. Assts. to Atty. Gen., for petitioner.

J. A. Gerardi, of New York City, (David Boyd Chase and Duncan Edwards, Jr., both of New York City, of counsel), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The Commissioner of Internal Revenue is the petitioner seeking to review a decision of the Board of Tax Appeals to have determined whether or not certain payments made to the respondent by an insurance company should be included in her gross income for the calendar year 1935.

The respondent was the beneficiary under two policies of insurance issued by the Prudential Insurance Company of America upon the life of her father. They matured by his death. Each policy required the insurance company to pay to a designated primary beneficiary monthly payments certain for 240 months after the death of the insured and to continue such payments during the life of such beneficiary. The respondent was the primary beneficiary under one policy and became the secondary beneficiary under the other upon the death of her mother, the primary beneficiary. During the calendar year 1935 she received monthly payments from the insurance company in accordance with its obligations under the policies. The Commissioner included them in her gross income. The Board of Tax Appeals held that they were exempt from taxation under Sec. 22(b) (1) of the Revenue Act of 1934, which provided that there should be exempt from taxation and not included in gross income, "Amounts received under a life insurance contract paid by reason of the death of the insured, whether·in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income); * * *." 26 U.S.C.A.Int.Rev. Code, § 22(b) (1).

The payments are literally within the scope of the statutory exemption.

They were received under insurance contracts; they were paid by reason of the death of the insured; and they were not interest payments on amounts held by the insured under an agreement to pay interest thereon. The petitioner attempted to make rather subtle distinctions between what part of the payments might properly be considered an annuity and what might be termed strictly insurance. We cannot readily follow the argument and it seems beside the point anyway for Congress attempted no such classification. It exempted "payments". These were certainly payments within the clear language used and that is enough so far as language is concerned. The Board made the only possible decision by reading that language, as it should, "in the ordinary and natural sense". Helvering v. San Joaquin Fruit & Investment Co., 297 U.S. 496, 56 S.Ct. 569, 80 L.Ed. 824. The legislative history of the statute fortifies this conclusion. See, Sidney W. Winslow, Jr. v. Commissioner, 39 B.T.A. 373 where that is clearly shown.

In United States v. Heilbroner, 2 Cir., 100 F.2d 379, we had in issue the taxability of payments which in reality were made for the use of the proceeds of matured policies retained by an insurance company. Such payments were made by way of interest and were accordingly held taxable since they were not within the terms of the exemption allowed in the above statute. The payments here involved were of an entirely different character in that they were installment payments which pro tanto diminished the total amounts payable under the policies.

The small sum of $33.36 was paid to the respondent during the year in addition to the installments due as computed when the policies matured upon the death of the insured. This represented an increase of $1.39 in each monthly payment after July 1, 1930, because of the discontinuance by the insurance company of an administration charge. It is argued that this excess was taxable but we cannot agree. It was either received under an insurance contract and paid by reason of the death of the insured as was the remainder of the installments or it was a gift exempt from taxation under Sec. 22 (b) (3) of the Revenue Act of 1934. The decision of the Board was right in either event and no more need presently be decided.

Affirmed.