## KAUFMAN v. UNITED STATES.
### No. 120.

District Court, E. D. Virginia.
Sept. 3, 1941.

LeRoy R. Cohen, Jr., of Richmond, Va., for plaintiff.

Sterling Hutcheson, U. S. Atty., of Richmond, Va. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Gerard Hartzog, Sp. Assts. to the Atty. Gen., on the brief), for defendant.

POLLARD, District Judge.

This is an action for the recovery of income taxes and interest in the amount of $988.90 paid as income tax deficiencies for the years 1934, 1935 and 1936. It is brought under the jurisdiction authorized by Title 28, U.S.C.A. § 41(20).

The plaintiff, a resident of the City of Richmond, Virginia, is the beneficiary under five certain policies of life insurance issued one each by New York Life Insurance Company, Northwestern Mutual Life Insurance Company and Massachusetts Mutual Life Insurance Company and two by Mutual Life Insurance Company upon the life of her husband, Bert S. Kaufman, who died on March 12, 1922, leaving surviving him the plaintiff as his widow and two children, Virginia S. Kaufman and Ralph N. Kaufman. The face amount of the policies aggregated $50,000 and the policies provided for the payment in a lump sum of the face amount of each policy to the beneficiary on the date of the death of the insured. Each of said policies also contained certain options which permitted the insured to designate that instead of the lump sum being paid at the time of his death, the companies should retain the death benefits and pay to the beneficiary certain stipulated payments over a period of years. Prior to his death the insured, Bert S. Kaufman, in the case of each of said policies, exercised the option providing that the face amount of the policies should be retained by the company and that the company would make payments of certain installments for a limited period of twenty years to the plaintiff, Louise E. Kaufman, if she lived, and in the event of her death before the expiration of said twenty years the remaining installments to be payable to the above named children of the said Bert S. Kaufman.

Upon the death of the insured, the basis upon which the installment payments were computed was the aggregate sum of $50,-804.86, the $804.86 being on account of dividend accumulations. From March 12, 1922, to December 31, 1936, the plaintiff received from said companies each year (except pro rate for the year 1922) the sum of $3,328.92, which amounts exceed one-twentieth of the aforesaid basis of $50,804.86 by the sum of $788.67. In addition, the plaintiff also received varying amounts from earnings in accordance with the provisions of the respective contracts, these varying amounts being as follows: prior to the year 1933, the sum of $7,048.-25, and for the years 1934, 1935 and 1936 the respective sums of $345.45, $251.54 and $127.82. Neither the aforesaid sum of $788.67 nor the aforesaid additional varying amounts were included by the plaintiff in her gross income subject to tax as returned for each of the several years. The Commissioner of Internal Revenue assessed the deficiencies in taxes and interest for the years 1934, 1935 and 1936. The amounts so assessed were paid by the plaintiff under protest and claims for refund were filed but not allowed. The plaintiff then filed this suit to recover such payments with interest.

Section 22(b) (1) of the Revenue Act of 1934, provides as follows:

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

"(1) Life insurance. Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income)." *26 U.S.C.A. Int.Rev.Code, § 22 (b) (1).*

The above provision was in effect during the taxable years 1934 and 1935, and an identical provision was contained in the Revenue Act of 1936 and was in effect during that taxable year.

In making the assessments, the Commissioner of Internal Revenue acted in accordance with Treasury Regulation 86, promulgated under the Revenue Act of 1934 (Art. 22(b) (1)-1). The plaintiff concedes that if Treasury Regulation 86 is a correct interpretation of congressional intent in enacting the statute above quoted, then the aforesaid sums should have been included by the plaintiff in her gross income for each year and the Commissioner was correct in assessing the deficiencies. The contention of the plaintiff is that said regulation is contrary to congressional intent and therefore is without validity. The contention of the defendant is that all amounts paid to the plaintiff in excess of the face amount of the policies are not received by her "under a life insurance contract paid by reason of the death of the insured", but that such excess payments constitute interest or other increment paid by the insurance companies for the use of the money which they retain.

The plaintiff relies on the following cases: Commissioner v. Winslow, 1 Cir., 113 F.2d 418, 133 A.L.R. 405; Commissioner v. Bartlett, 2 Cir., 113 F.2d 766; Commissioner v. Buck, 2 Cir., 120 F.2d 775. The defendant cites the case of Allis v. LaBudde, D.C.E.D.Wis., 40 F. Supp. 59, decided July 17, 1941. The facts in these cases are fundamentally the same and the decisions cannot be reconciled or distinguished. It will serve no useful purpose to review the reasons given by the courts for their divergent holdings. It is sufficient to say that in my opinion the holding in the Allis case is the correct interpretation of the intent of Congress in enacting the statute in question. This legislation deals with sums received from an insurance contract and prescribes which items thereof shall be included in and excluded from gross income for income tax purposes. Of course Congress knew that many policies contained option agreements providing that the insured might elect to have the company retain the death benefits and pay to the beneficiary certain stipulated payments over a period of years and that such periodic payments would aggregate a sum in excess of the face amount of the policy. It is elementary that the portion of the option payments which were made up of the principal amount of a policy could not be taxed under the income tax law. Congress therefore provided in effect that payments made on account of

the principal amount of a policy should be exempt from taxation, and determined to confine taxation to income, or to payments made for the use of the money retained by the insurer. Looking through the form to the substance of those provisions of the policies which set out a "mode of settlement" in event an option agreement is exercised, the conclusion is inescapable that the amounts paid to the plaintiff in excess of the face amounts of the policies constituted interest paid by the companies for the use of the money which they retained. I therefore hold that the action of the Commissioner in subjecting to taxation the amounts paid to the plaintiff in excess of the face amounts of the policies was legal and proper and that judgment should be entered for the defendant. An order may be presented after reasonable notice.

In accordance with Rule 52, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, I have made and filed findings of fact and conclusions of law thereon.