**ALLIS v. LA BUDDE et al.**

No. 7857.

Circuit Court of Appeals, Seventh Circuit.

June 15, 1942.

Arthur W. Fairchild, Frederic Sammond, and Theodore C. Bolliger, all of Milwaukee, Wis. (Miller, Mack & Fairchild, of Milwaukee, Wis., of counsel), for appellant.

Robert R. Barrett, of Washington, D. C., Samuel O. Clark, Jr., and J. Louis Monarch, Asst. Attys. Gen., and Carl J. Marold, Sp. Assts. to Atty. Gen., and Berthold J. Husting, U. S. Atty., of Milwaukee, Wis., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

The question presented by this appeal is whether certain installment payments received by appellant in the tax years of 1934 and 1935, under a life insurance contract, should be included in her gross income for taxing purposes for those years. The District Court rendered judgment against her in her suit to recover taxes alleged to have been illegally assessed against and collected from her.

The facts were all stipulated. Appellant was the beneficiary of six policies having a total face value of $251,000, issued on the life of her husband who died in 1918. The policies were issued during the years 1908 to 1910, and prior to his death the insured had exercised options offered in each, providing that upon his death the liability of the insurer on each should be discharged by payments to the beneficiary in monthly installments for ten years certain, and thereafter during her lifetime. The amount of the monthly payments was to be governed by the age of the beneficiary at the death of the insured. Appellant was sixty-four years old when the policies matured by reason of the death of her husband.

During the period from the death of the insured up to the taxable years, from 1918 to 1934, appellant received from the various insurance companies payments totalling $323,795, and in each of the years, 1934 and 1935, she received approximately $21,000, of which all but a negligible amount of dividends on one of the policies constituted the installment payments provided by the contracts. She disclosed the receipt of the payments for the first time in her return for the year 1935, but did not report them as taxable income. The Commissioner determined that the payments for 1934 and 1935 should be included in her income and accordingly asserted a deficiency in income taxes as to each year, and assessed the tax which appellant paid under protest, and then filed claim and suit to recover.

Section 22(b) (1) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code, § 22(b) (1), provides for the exclusion from gross income of, "Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payment shall be included in gross income)."

Pursuant to the Act, the Commissioner promulgated Treasury Regulations 86 providing as to this section that: " * * * only the amount paid solely by reason of the death of the insured is exempted. The amount exempted is the amount payable had the insured or the beneficiary not elected to exercise an option to receive the proceeds of the policy or any part thereof at a later date or dates. If the policy provides no option for payment upon the death of the insured, or provides only for payments in installments, there is exempted only the amount which the insurance company would have paid immediately after the death of the insured had the policy not provided for payment at a later date or dates. Any increment thereto is taxable."

Commenting on the excess of payments over the face value of the policies, the District Court held that the insurers were enabled to make such payments because they had retained the principal fund and had the use of it from the date of the death of the insured, and that the payments in excess of the face amounts constituted either interest or some other increment which accrued upon the funds retained. Conceding that a broad interpretation of the statutory phrase "amounts received under a life insurance contract," would permit extension of the tax exemption to income increment as well as the capital in life insurance optional payments, he held that such interpretation was contrary to the general rule of construction of exemption

statutes, and to what he believed was the intent of Congress. He therefore dismissed the complaint, refusing to follow certain decisions of the First and Second Circuit Courts of Appeals which adopted the "broad interpretation."[1]

While we have no doubt as to the power of Congress to require the inclusion of the increment of moneys payable by reason of the maturing of life insurance contracts by death of the insured, in gross income, we think it has not done so by the language employed in the section here relied upon. Not only do we agree with the Court of Appeals for the Second Circuit that, "The payments are literally within the scope of the statutory exemption" (Comm. v. Bartlett, supra), but we are convinced that this is the only "ordinary and natural" construction of the language. Although the Commissioner, with the approval of the Secretary, is authorized to prescribe all needful regulations for the enforcement of Revenue Acts, it needs no argument that he cannot, by such regulations, alter or amend an Act, or limit rights granted by it. Cf. Morrill v. Jones, 106 U.S. 466; 1 S.Ct. 423, 27 L. Ed. 267; Corner Broadway-Maiden Lane v. Comm., 2 Cir., 76 F.2d 106.

The clarity with which Congress provided for the taxing of the increment of annuity contracts payable otherwise than because of death of the insured (see § 22 (b) (2) of the Act of 1934), makes it appear all the clearer to us that it had no such intention with respect to the payment of amounts solely by reason of the death of the insured. A slight modification in the 1934 Act was explained in the Senate Finance Committee report,[2] "This change, made by the House, makes it clear that the proceeds of a life-insurance policy payable by reason of the death of the insured in the form of an annuity are not includible in gross income." Moreover, we consider it somewhat significant that in spite of the fact that practically the same statutory provision was in effect from 1926 on, the Commissioner made no attempt to tax the funds here taxed until the promulgation of Regulations 86 in 1934. While this is by no means controlling, it does appear that if the intent of Congress were as

clear and convincing as the Commissioner would now have us believe, he would have sought to impose the tax eight years earlier. His failure to do so fortifies our opinion that the statutory language is not capable of the construction required to support the regulation.

The Commissioner asserts that the excess payments in question arise from the insurance companies' retention and use of the money, hence they do not arise solely from the death of the insured. We cannot agree with this. While the amount of the installments under each policy is undoubtedly calculated by the insurers in the light of potential earnings as affected by the age of the beneficiary and the interest rate, the obligation to pay whatever may become due is matured solely by reason of the death.

The difference between the situation here involved and that contemplated by the parenthetical exception is well illustrated by the case of United States v. Heilbroner, 2 Cir., 100 F.2d 379. There the insured provided that settlement of his policies was to be made by payment to his widow of certain sums variously described as "interest" or "annuity" payments for her lifetime, and upon her death, the face amount of the policies was to go to his children. The widow was required to return as income the amounts received under this arrangement which clearly came within the definition of interest payments on the fund retained by the insurer under an agreement to pay interest thereon. In other words, there, the capital fund was retained intact for a later beneficiary, and the moneys received by the immediate beneficiary were interest or earnings on that capital fund,—income pure and simple. Hence the moneys clearly came within the exception of the exclusion provided by § 22(b) (1). Here, the payments were of an entirely different character, "installment payments which pro tanto diminished the total amounts payable under the policies." Comm. v. Bartlett, supra. We are convinced that such payments clearly constitute "amounts received under a life insurance contract paid by reason of the death of the insured * * * otherwise [than by single sum]," hence were entitled to be

---

[1] Com'r v. Winslow, 1 Cir., 113 F.2d 418, 133 A.L.R. 405; Comm. v. Bartlett, 2 Cir., 113 F.2d 766; and Com'r v. Buck, 2 Cir., 120 F.2d 775.

[2] No. 558, 73d Congress, 2nd Session, p. 23.

excluded from appellant's gross income and were not subject to the tax imposed and here sought to be recovered.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.