KAUFMAN v. UNITED STATES.

No. 4941.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1942.

LeRoy R. Cohen, Jr., of Richmond, Va., for appellant.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., Sterling Hutcheson, U. S. Atty., and John V. Cogbill, Asst. U. S. Atty., both of Richmond, Va., on the brief), for appellee.

Before SOPER, DOBIE, and NORTH-COTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action brought in October, 1940, by the appellant, Louise E. Kaufman, here referred to as the plaintiff, against the United States of America, here referred to as the defendant, in the District Court of the United States for the Eastern District of Virginia, at Richmond.

The object of the action was to recover income taxes, in the amount of $988.90 for the years 1934, 1935 and 1936, paid by the plaintiff under protest and alleged to have been unlawfully assessed.

A jury was waived and a hearing had before the judge below in June, 1941. After the hearing the judge filed findings of fact and conclusions of law holding for the defendant. A judgment was entered for the defendant and from this action this appeal was brought. The opinion of the court is reported in 40 F.Supp. 505.

There is no dispute as to the facts and as found by the judge below they are as follows:

"The plaintiff, a resident of the City of Richmond, Virginia, is the beneficiary under five certain policies of life insurance issued one each by New York Life Insurance Company, Northwestern Mutual Life Insurance Company and Massachusetts Mutual Life Insurance Company and two by Mutual Life Insurance Company upon the life of her husband, Bert S. Kaufman, who died on March 12, 1922, leaving surviving him the plaintiff as his widow and two children, Virginia S. Kaufman and Ralph N. Kaufman. The face amount of the policies aggregated $50,000 and the policies provided for the payment in a lump sum of the face amount of each policy to the beneficiary on the date of the death of the insured. Each of said policies also contained certain options which permitted the insured to designate that instead of the lump sum being paid at the time of his death, the companies should retain the death benefits and pay to the beneficiary certain stipulated payments over a period of years. Prior to his death the insured, Bert S. Kaufman, in the case of each of said policies, exercised the option providing that the face amount of the policies should be retained by the company and that the company would make payments of certain installments for a limited period of twenty years to the plaintiff, Louise E. Kaufman, if she lived, and in the event of her death before the expiration of said twenty years the remaining installments to be payable to the above named children of the said Bert S. Kaufman.

"Upon the death of the insured, the basis upon which the installment payments were computed was the aggregate sum of $50,-804.86, the $804.86 being on account of dividend accumulations. From March 12, 1922, to December 31, 1936, the plaintiff received from said companies each year (except pro rate for the year 1922) the sum of $3,328.92, which amounts exceed one-twentieth of the aforesaid basis of $50,-804.86 by the sum of $788.67. In addition, the plaintiff also received varying amounts from earnings in accordance with the provisions of the respective contracts, these varying amounts being as follows: prior to the year 1933, the sum of $7,048.25, and for the years 1934, 1935 and 1936 the respective sums of $345.45, $251.54 and $127.-82. Neither the aforesaid sum of $788.-67 nor the aforesaid additional varying amounts were included by the plaintiff in her gross income subject to tax as returned for each of the several years. The Commissioner of Internal Revenue assessed the deficiencies in taxes and interest for the

years 1934, 1935 and 1936. The amounts so assessed were paid by the plaintiff under protest and claims for refund were filed but not allowed. The plaintiff then filed this suit to recover such payments with interest."

The statute involved is Section 22(b) (1) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code § 22(b) (1), which reads as follows:

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

"(1) Life insurance. Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income)."

Under this Revenue Act of 1934 Treasury Regulation 86 was promulgated. This Regulation provided in part as follows: " * * * only the amount paid solely by reason of the death of the insured is exempted. The amount exempted is the amount payable had the insured or the beneficiary not elected to exercise an option to receive the proceeds of the policy or any part thereof at a later date or dates."

The question involved is whether all amounts paid to the plaintiff in excess of the face amount of the policies are taxable to her as income.

The plaintiff admits that under Treasury Regulation 86 such sums are properly taxable to her but contends that this Regulation is contrary to the intent of Congress as expressed by the statute and therefore void.

The defendant contends that all such excess payments constitute interest and are taxable as income.

The plaintiff did not herself exercise the option in the policy changing the benefit payable on the death of the insured but that option was exercised by her husband before his death. The plaintiff had no choice other than to receive the installments as stipulated. She could not have collected the lump sum had she desired to do so. It follows therefore that the "proceeds of the policy" to her were not a certain fixed sum all payable on the death of the insured but certain installments covering a certain period of years. The fact that the amount of these installments was fixed by including a certain rate of interest as the yard-stick by which they were to be measured does not, in any way, change the fact that these installments, and not any fixed amount payable on the death of the insured, were what came to the plaintiff by reason of the death of her husband.

Congress has exempted from taxation "amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise." Revenue Act of 1934, above quoted.

■ It is not necessary to quote authorities to the effect that any regulation promulgated by the Treasury Department that is contrary to the express terms of the statute is void.

■ Congress has, in our opinion, clearly expressed its intention to exempt from taxation payments under a life insurance policy whether paid in a lump sum or in installments. The plaintiff herself left no amount with the insurance companies in the nature of an investment upon which she drew interest and no money due the plaintiff was retained by the insurance companies. The installments were paid when they became due under the policy contracts.

The same question here involved has been considered by three Circuit Courts of Appeals in Commissioner v. Winslow, 1 Cir., 113 F.2d 418, 133 A.L.R. 405; Commissioner v. Bartlett, 2 Cir., 113 F.2d 766; Commissioner v. Buck, 2 Cir., 120 F.2d 775; Allis v. LaBudde, 7 Cir., 128 F.2d 838, reversing, D.C.E.D.Wis., 40 F.Supp. 59.

All these courts reached the conclusion that no part of the installments paid to the beneficiary was taxable.

The judge below based his opinion on the case of Allis v. LaBudde, D.C.E.D.Wis., 40 F.Supp. 59, which decision was afterwards reversed by the Circuit Court of Appeals in Allis v. LaBudde, 7 Cir., 128 F.2d 838, 840.

In the latter case the court said in part:

"While we have no doubt as to the power of Congress to require the inclusion of the increment of moneys payable by reason of the maturing of life insurance contracts by death of the insured, in gross income, we think it has not done so by the language employed in the section here relied upon. Not only do we agree with the Court of Appeals for the Second Circuit that, 'The

payments are literally within the scope of the statutory exemption' (Commissioner v. Bartlett, supra), but we are convinced that this is the only 'ordinary and natural' construction of the language. Although the Commissioner, with the approval of the Secretary, is. authorized to prescribe all needful regulations for the enforcement of Revenue Acts, it needs no argument that he cannot, by such regulations, alter or amend an Act, or limit rights granted by it. Cf. Morrill v. Jones, 106 U.S. 466, 1 S.Ct. 423, 27 L.Ed. 267; Corner Broadway-Maiden Lane v. Com'r, 2 Cir., 76 F.2d 106.

"The clarity with which Congress provided for the taxing of the increment of annuity contracts payable otherwise than because of death of the insured (see § 22 (b) (2) of the Act of 1934), makes it appear all the clearer to us that it had no such intention with respect to the payment of amounts solely by reason of the death of the insured. A slight modification in the 1934 Act was explained in the Senate Finance Committee report, 'This change, made by the House, makes it clear that the proceeds of a life-insurance policy payable by reason of the death of the insured in the form of an annuity are not includible in gross income.' Moreover, we consider it somewhat significant that in spite of the fact that practically the same statutory provision was in effect from 1926 on, the Commissioner made no attempt to tax the funds here taxed until the promulgation of Regulation 86 in 1934. While this is by no means controlling, it does appear that if the intent of Congress were as clear and convincing as the Commissioner would now have us believe, he would have sought to impose the tax eight years earlier. His failure to do so fortifies our opinion that the statutory language is not capable of the construction required to support the regulation."

We agree with the reasoning and conclusions of the three Circuit Courts of Appeals and it is therefore not necessary to consider the question raised as to whether amounts received by the plaintiff prior to 1934 should be considered in computing the amount subject to tax in the year 1934 and subsequent years.

Judgment should have been rendered for the plaintiff and the decision of the court below is accordingly reversed.

Reversed.