**LAW v. ROTHENSIES, Collector of Internal Revenue.**

**No. 8858.**

Circuit Court of Appeals, Third Circuit.

Argued Nov. 21, 1945.

Decided March 29, 1946.

BIGGS, Circuit Judge, dissenting.

———◆———

Carlton Fox, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to the Atty. Gen., Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., on the brief), for appellant.

Kenneth W. Gemmill, of Philadelphia, Pa. (Chester C. Hilinski and Barnes, Dechert, Price & Smith, all of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, McLAUGHLIN and O'CONNELL, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This appeal involves six life insurance policies [1] under which the appellee was the sole beneficiary of her husband. After her husband's death in 1936 the appellee exercised the twenty year installment and thereafter for life options under the policies. The amount of each installment exceeded the aliquot part of the proceeds of the policies. This excess was included by the Commissioner of Internal Revenue in the gross income of the appellee for 1938 and 1939. Accordingly the appellee paid the taxes thereon and then sued for their recovery. The District Court upheld the plaintiff-appellee on her motion for summary judgment, deciding that Section 22 (b) (1) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Code, § 22(b) (1), excluded from gross income installment payments under an insurance policy option when exercised by the beneficiary after the death of the insured.

All six policies contained installment options for a limited period and for life. Four of the six had an interest payment option. The provisions of the Metropolitan Life Insurance Company policy No. 777,-204, issued June 24, 1911, which contained all three options reads:

"(1) Interest.—For the annual payment of interest to the beneficiary at the rate of $3\frac{1}{2}\%$ upon the amount payable under the policy which was left with the company and for the payment of the amount at her death to the beneficiaries, executors, administrators or assigns.

"(2) Installments for a limited period.— For the payment of equal installments for a specified number of years in accordance with a table set out in the policy.

"(3) Installments for life.—For the payment of equal annual installments for a fixed period of twenty years and for so

---

[1] Originally there were ten policies in the litigation below. Four of these had obviously different contract provisions from the other six and the decision of the District Court as to them has been accepted by the appellee.

many years longer as the beneficiary shall survive in accordance with a table set out in the policy."

Another of the policies, Metropolitan Life Insurance Company policy No. 2,419,-504, issued October 23, 1919, provided that the sums payable under options 2 and 3 are based upon an assumed interest earning of 3½%.

The appellant urges that the excess of each installment payment over the particular part of the proceeds of the policy is interest within the meaning of the parenthetical phrase of Section 22(b) (1) of the Revenue Act of 1938 and therefore taxable as income to the beneficiary in the years the installments were paid. This is in line with the interpretation of the section by Treasury Regulations 101 Art. 22(b) (1)—1 and 103 Section 19.22(b) (1)—1 as amended, Section 22(b) (1) excludes from gross income and exempts from taxes: "(1) Life insurance. Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income)."

■ The contention of the appellant is squarely contrary to the holding of the only Circuit Court of Appeals case on the precise facts, Commissioner v. Pierce, 2 Cir., 146 F.2d 388. There the Court held, page 389, that "The parenthesis applies to cases where the capital sum is retained for a season undiminished, and only the interest is paid to the beneficiary * * *." Judge Learned Hand further said at page 390: "Nothing will justify the violence to the language necessary to the Commissioner's interpretation, unless it is necessary to effectuate the underlying purpose of the statute. In this instance it would defeat that purpose."

The Pierce opinion which was in affirmance of the Tax Court, followed five Circuit Court of Appeals decisions all to the effect that where an insured during his lifetime had exercised more or less similar policy options, the excess in installment payments over the policy proceeds was not includible in the beneficiary's gross income. Commissioner v. Winslow, 1 Cir., 113 F. 2d 418, 133 A.L.R. 405, Commissioner v. Bartlett, 2 Cir., 113 F.2d 766; Commissioner v. Buck, 2 Cir., 120 F.2d 775; Allis v. La Budde, 7 Cir., 128 F.2d 838 and Kaufman v. United States, 4 Cir., 131 F.2d 854.

The statutory background of 22(b) (1) is highly significant. Its forerunner, Section II, B of the Tariff Act of 1913, 38 Stat. 167, reads: " * * * the proceeds of life insurance policies paid upon the death of the person insured * * * shall not be included as income." During the Congressional discussion of that language, Mr. Hull, in charge of the bill in the House, was asked: " * * * whether a widow will be required to pay an income tax on the money secured as the result of her husband's death * * *?" He answered: "It was never contemplated to tax the proceeds of life insurance policies." He agreed that " * * * no tax was levied upon the beneficiary of a policy or upon the amount paid, such as on a 20-year policy, * * *." (63rd Cong., 1st Sess., Vol. 50 Congressional Record, pages 508–512).

The Revenue Act of 1916, 39 Stat. 758, section 4, exempted the proceeds of life insurance policies paid to individual beneficiaries upon the death of the insured. This was enlarged in 1918 to include the estate of the insured. 40 Stat. 1065. The 1921 Act changed the exemption to read: "The proceeds of life insurance policies paid upon the death of the insured." 42 Stat. 238. Thereafter came the 1926 Act, Section 213(b) (1), 26 U.S.C.A. Int.Rev.Acts, page 163: "(1) Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or in installments (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income); * * *."

Regarding this, the Conference Committee said (69th Cong., 1st Sess., H.Rept. 356) p. 33: "Amendment No 17: Under existing law, the proceeds of life insurance policies 'paid upon the death' of the insured are exempt. The House bill, in order to prevent any interpretation which would deny the exemption in the case of installment payments, amended this provision so that proceeds 'paid by reason of the death' of the insured would be exempt. In order to prevent an exemption of earnings where the amount payable under the policy is placed in trust upon the death of the insured and the earnings thereon paid, the Senate amendment provides specifically that such payments shall be included in gross income."

The 1934 Act which contained the present form of Section 22(b) (1) changed the phrase "or in installments" to read "or otherwise." The reason for this is contained in the Senate Finance Committee Report (73rd Cong., 2d Sess., S.Rept. 558 at 23): "This change, made by the House, makes it clear that the proceeds of a life insurance policy payable by reason of the death of the insured in the form of an annuity are not includible in gross income. Your committee made no change in this section of the House bill."

This legislative history clearly shows Congress never intended that the type of installment policy payments under consideration should be taxed. As seen, in 1926 to avoid possible misinterpretation of the section in that particular, the actual word "installments" was written into the statute. At the same time the phrase "proceeds of life insurance policies" was clarified by substituting therefor "amounts received under a life insurance contract." The only further change since 1926 was to broaden the phrase "or in installments" to "or otherwise" in order to make certain that annuities would not be taxed.

■ Our opinion in Penn Mutual Life Insurance Co. v. Commissioner, 92 F.2d 962 does not affect the instant situation. That matter had to do with Section 203 (a) (8) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 412.[2] It concerned deductions claimed by an insurance company as interest on indebtedness in computing its income tax. We held that in such computation, installment payments under an option exercised after the death of the insured are interest on indebtedness within the terms of the section and deductible from gross income. That decision is to be confined to its particular facts. Here we are dealing with a specific exemption under an entirely different section of the Internal Revenue Law. The two sections admittedly are not correlative. The long congressional history of Section 22(b) (1) contains no reference to the elaborate system for taxing insurance companies outlined in Sections 201 to 203 of the Revenue Code, 26 U.S.C.A. Int.Rev. Code, §§ 201–203, and though the whole method of taxation for insurance companies was revised in 1942 the pertinent committee reports have nothing to say about Section 22(b) (1). The lack of connection between the two sections is well illustrated by the action of the Second Circuit Court of Appeals. Prior to its decision in the Pierce case, supra, that Court had held in Commissioner v. Bartlett, supra, and Commissioner v. Buck, supra, that where an insured himself exercised a life insurance installment option there was no tax to the beneficiary on the installments. Despite this, shortly thereafter the same Court construing Section 203(a) (8) in Equitable Assurance Society v. Helvering, 137 F.2d 623, affirmed 321 U.S. 560, 64 S. Ct. 722, 88 L.Ed. 927, decided that interest could be deducted by an insurance company on installment payments irrespective of whether the insured or the beneficiary exercised the option.

Appellee makes the point that appellant's argument which is directed to the parenthetical clause of Section 22(b) (1) was not presented below and therefore cannot be urged here for the first time. We think the question was sufficiently suggested in the District Court and is properly before us. On the merits of that question the ordinary and natural sense of the simple language of the section, coupled with the unmistakable legislative intent, cannot be denied. In our view as indicated, Section 22(b) (1) exempts the installment payments of the policies before us from tax. We are confirmed in this by the sure trend of the reported cases culminating in the affirmance of the Tax Court decision in the Pierce case (supra) and the excellent opinion of the Court below.

Affirmed.

BIGGS, Circuit Judge (dissenting).

The decision in the case at bar should be governed by the parenthetical clause of Section 22(b) (1) for the amount by which each installment paid to the beneficiary exceeds the aliquot part of the proceeds of the face amount of each policy is "interest"; viz., a compensation for the use of the beneficiary's money paid by each

[2] Section 203 (a) (8) of the Revenue Act of 1928 reads: "(8) Interest. All interest paid or accrued within the taxable year on its indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title."

insurance company. Deputy v. DuPont, 308 U.S. 488, 498, 60 S.Ct. 363, 84 L.Ed. 416.

Using Metropolitan Life Insurance Company policy No. 777,204 as an example, as do the majority, it is clear that if the beneficiary had exercised option (1) and as the result the insurance company had paid the beneficiary an amount annually computed at 3½% on the sum retained, this being denominated in the option as "interest", the majority would deem it to be such and to lie within the parenthetical clause. Yet when the excess over the aliquot part of the face amount of the policy, amounting to 3½% on the amount retained, is paid to the beneficiary by the company, the majority consider such a payment not to be "interest".

I cannot see the validity of the distinction. When the beneficiary exercised the options she put money represented by the face amounts of the policies in the hands of the insurance companies. They use this money and pay for the privilege. To reiterate, they pay "interest" and the beneficiary receives it.

This view is in accord with the decision of this court in Penn Mut. Life Ins. Co. v. Commissioner, 92 F.2d 962, with that of the Second Circuit in Equitable Life Assur. Soc., etc., v. Helvering, 137 F.2d 623, 626, and with that of the First Circuit in New Eng. Mut. Life Ins. Co. v. Welch, Collector, 153 F.2d 260.

The legislative history of the section requires such an interpretation. See for example the words of Mr. Hull quoted in the majority opinion. The excess amounts paid to the beneficiary do not constitute amounts received under the policies but are sums paid by the insurance companies for the use of the money due from the companies upon the insured's death. The excess amounts are paid by the insurance companies not "by reason of the death of the insured" within the purview of the section, but because the beneficiary availed herself of the privilege of making investments. True, offers of investments were contained in the insurance contracts but the acceptances of the options were the deliberate acts of the beneficiary, privileges exercised by her after the insured's death. The beneficiary and the companies entered into collateral contracts. I conclude that Congress intended money paid by insurance companies under such circumstances

to be treated as interest; hence the parenthetical clause.

For these reasons the judgment of the court below should be reversed.