RUBYE R. STRAUSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33780. Promulgated October 22, 1953.

*Benjamin M. Parker, Esq.*, for the petitioner.
*Alben E. Carpens, Esq.*, for the respondent.

OPINION.

RICE, *Judge:* The petitioner starts her argument by a concession. She admits that she must include in gross income interest payments from the insurance companies on that portion of the total principal which she could have withdrawn, had she wished to exercise her privilege to make 3 per cent annual withdrawals. She argues that this portion of the amounts received from the insurance companies is taxable under the rule enunciated in *United States* v. *Heilbroner*, 100 F. 2d 379 (C. A. 2, 1938). The theory on which such concession is made is that petitioner constructively received such amounts during each of the years in question.

The amounts here in issue, therefore, are the interest payments by the insurance companies on the balance of the principal which was not yet subject to petitioner's annual 3 per cent right of withdrawal. Respondent contends that they are earnings within the meaning of the parenthetical clause of section 22 (b) (1),[1] whereas petitioner maintains that they are not taxable income because "paid by reason of the death of the insured."

The petitioner contends that her basic rights under the policies are so like those of a beneficiary of an insurance policy to whom the proceeds are paid on the installment method, that she merits the same tax treatment. She argues that both she and such a beneficiary have the right to annual installments of principal, plus interest on the total principal not yet distributed. It has been established that when either the insured or the beneficiary elects to have the proceeds paid in installments, the entire amount of such installments is "paid by reason of the death of the insured." *Katharine C. Pierce*, 2 T. C. 832 (1943), affd. 146 F. 2d 388 (C. A. 2, 1944); *Sidney W. Winslow, Jr.*, 39 B. T. A. 373 (1939), affd. 113 F. 2d 418 (C. A. 1, 1940); *Allis* v. *La Budde*, 128 F. 2d 838 (C. A. 7, 1942). Even though these installments may include interest payments, ultimately giving the beneficiary a larger amount than the face value of the policies, this interest factor has been held to be excluded from gross income under section 22 (b) (1). But, even assuming that petitioner did constructively receive annual installments of principal and that they were permitted to remain with the insurance companies as gifts for her children, her

---

[1] SEC. 22. GROSS INCOME.

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(1) LIFE INSURANCE.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income);

situation is readily distinguishable from the cited cases. The beneficiary to whom the proceeds are paid on the installment method actually receives a mixed installment of principal and interest. It may be inferred that Congress intended to favor the installment method of paying the proceeds to the family of the insured, and, possibly, added the incentive of tax-free interest on such installments. But we cannot believe, in view of the parenthetical clause, that Congress also intended to grant tax exemption to a beneficiary who, in actuality, received only interest and elected to leave the principal undiminished for the secondary beneficiaries.

It is our opinion that the total amount of the payments received by the petitioner during the taxable years 1945, 1946, and 1947 from the insurers falls within the parenthetical clause of section 22 (b) (1) and is, therefore, taxable income. The principal consideration, as we see it, is that the proceeds of the policies have been retained and held intact by the insurers while interest thereon was paid to the primary beneficiary. Section 22 (b) (1) was amended in 1934, by changing the phrase "whether in a single sum or in installments" to read "whether in a single sum or otherwise." The House and Senate Committee Reports, at that time, state that "This change * * * makes it clear that the proceeds of a life-insurance policy payable by reason of the death of the insured in the form of an annuity are not includible in gross income." (Ways and Means Committee Report No. 704, p. 21, Finance Committee Report No. 558, p. 23, 73d Cong., 2d Sess.) This section can apply, however, only where proceeds of a life insurance policy are being so paid. Here, no part of the proceeds has been paid to the petitioner, up to and during the years in issue, as an annuity or otherwise. Such proceeds have been "held by the insurer under an agreement to pay interest thereon." The payments in issue, therefore, come literally within the parenthetical clause of section 22 (b) (1). In view of the clear words of such clause and the obvious intent of Congress, we are not at liberty to use the theory of constructive receipt to circumvent such words or intent.

The petitioner puts great emphasis on statements in *United States* v. *Heilbroner, supra,* that payments to the primary beneficiary were taxable earnings because said amounts were "solely for the use of money ultimately payable without depletion to designated beneficiaries, and were fairly within the meaning of the word 'interest'." She attempts to distinguish her situation by her unexercised right to diminish the principal by annual withdrawals of 3 per cent. The mere possibility that the petitioner might choose, at some time in the future, to exercise her limited right of withdrawal is not an adequate distinction. In fact, she might never choose to exercise this limited right of withdrawal and yet would have us hold that it renders in-

terest payments received by her nontaxable. The parenthetical clause states that "if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income." The Code clearly speaks in the present tense and is not concerned here with future alterations of the arrangement between the insurer and the beneficiary whereby the principal may be diminished. During the taxable years in question, the entire principal was retained by the insurers. Interest payments thereon must accordingly be governed by the parenthetical clause. This conclusion is in accord with the interpretation of this clause given by the Senate Finance Committee at the time of its enactment:

> In order to prevent an exemption of earnings, where the amount payable under the policy is placed in trust, upon the death of the insured, and earnings thereon paid, the committee amendment provides specifically that such payments shall be included in gross income. [Report of the Senate Finance Committee, Rept. No. 52, p. 20, to accompany H. R. 1 of the 69th Cong., 1st Sess.]

The question as to whether the petitioner constructively received 3 per cent of the principal annually need not be determined here. Even if 3-per cent payments were constructively received annually, they were not "installment payments which pro tanto diminished the total amounts payable under the policies." See *Commissioner* v. *Bartlett*, 113 F. 2d 766 (C. A. 2, 1940). The determining fact here is that the entire principal was allowed to be retained undiminished by the insurers. It is not material whether the petitioner's failure to exercise her annual right of withdrawal resulted in an annual gift to her children, the secondary beneficiaries.

Nor need we determine whether that portion of the amounts paid by the insurers to the petitioner, above the interest rate specified in the supplementary agreements, represented surplus dividends. It is settled law that surplus dividends are not exempt from gross income under section 22. (b) (1), *Katharine C. Pierce, supra; United States* v. *Heilbroner, supra.* The entire amounts paid to the petitioner during 1945, 1946, and 1947 constitute taxable income, whether paid as interest or as surplus dividends.

Reviewed by the Court.

*Decision will be entered for the respondent.*