**Anna K. HANDELMAN, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

United States District Court
S. D. New York.

June 28, 1956.

Edward Handelman, New York City, for plaintiff.

Paul W. Williams, U. S. Atty., Mathias L. Spiegel, Asst. U. S. Atty. for the Southern Dist. of N. Y., New York City, for the United States.

NOONAN, District Judge.

The defendant herein, sued by the plaintiff to recover a refund of income tax paid by her, has moved this court, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, Title 28 U.S.C., for an order granting it summary judgment. The plaintiff herein has cross moved, pursuant to Rule 56(a), for an order granting her summary judgment.

The issue involved is one of law alone since all of the pertinent facts have been agreed upon and stipulated by the parties.[1]

The Equitable Life Assurance Society of the United States, on May 4, 1928, issued its policy No. 4,747,473 insuring the life of the plaintiff's husband. Thereafter, the policy matured by reason of the death of the insured, and Equitable began paying to the plaintiff, in instalments, the proceeds of the insurance in accordance with the terms of the policy (which named her "primary beneficiary").

For the years in issue herein, 1942 through 1945, the plaintiff included as income in her Federal Income Tax returns portions of such insurance proceeds for the respective years in which she received them. Plaintiff thereafter filed claims for refunds of the paid income taxes arising out of the inclusion of the portions of the insurance instalments as income in her tax returns. Such claims were rejected by the Treasury Department, whereupon plaintiff instituted this action to recover the refunds.

The issue herein is:

Was plaintiff obligated under Sec. 22 (b) (1) of the Internal Revenue Code or Section 29.22(b) (1)–1 of Regulation 111 of the Bureau of Internal Revenue, United States Treasury Department, relating to income tax under the Internal Revenue Code, to include as income in her tax returns any portion of the instalments paid to her under the policy herein?

---

1. See text of stipulation in Appendix.

The pertinent portions of Sec. 22(b) (1) of the Internal Revenue Code of 1939 and of the implementing section 29.22(b) (1) of the Regulations read as follows:

26 U.S.C. § 22(b):

"Exclusions from Gross Income.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

"(1) Life insurance.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or otherwise (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income)". [Act of May 28, 1938, C. 289, Sec. 22(b), 52 Stat. 458].

26 C.F.R. Sec. 29.22(b) (1)–1:

"The proceeds of life insurance policies, paid by reason of the death of an insured * * * are excluded from the gross income of the beneficiary * * * It is immaterial whether the proceeds are received in a single sum or otherwise. If, however, such proceeds are held by the insurer under an agreement to pay interest thereon, the interest payments must be included in gross income." [T.D. 5515, 11 F.R. 5474].

The terms of the policy provided that, upon the death of the primary beneficiary, the insurance company (which was to retain the proceeds during the life of the primary beneficiary but was to pay her an annuity of 5% of the $35,000 face amount of the policy) was to pay the retained proceeds (the face amount of the policy) to a secondary beneficiary.

It is immediately apparent that plaintiff's instalment payments meet the primary provisions of both the Code and the Regulations since the amounts are received under a life insurance contract or policy and are paid by reason of the death of the insured.

The question is whether the sums are also covered by the limitation of the quoted Statute and Regulations requiring the inclusion of sums as gross income if the proceeds of the policy are held by the insurer under an agreement to pay interest thereon.

The plaintiff, supported by the other party to the contract (the insurer, speaking through its attorney), emphatically denies that any portion of the 5% payments are interest; the government just as emphatically contends that the payments are interest as described in the quoted portions of the Statute and Regulations.

If the payments in no way affected the total amount of the insurance payable under the policy, they would clearly be interest as the United States Court of Appeals for this Circuit defined the term in the case of United States v. Heilbroner, 100 F.2d 379. In such a situation the value of the policy would not be reduced by the payments.

Here, however, the insurer states that it "valued" the policy at the time of the death of the insured at $48,359.50 (the amount set aside by the insurer to meet its obligations under the policy), and figured the payments to the primary beneficiary as reducing the amount of the policy pro tanto as they were made.

Were such pro tanto diminution of the "value" of the policy an actual fact, the case would be governed by the opinion of the United States Court of Appeals for this Circuit in the case of Commissioner of Internal Revenue v. Bartlett, 113 F.2d 766, which held that such payments were not interest and were therefore exempt from inclusion in gross income.

Whether such a treatment and/or view of the policy amounting in fact to an opinion or conclusion, should be accepted in affidavit form as one of the supporting affidavits stating facts in a motion for summary judgment is extremely doubtful.

Regardless of this fact, however, there are certain other considerations.

The bond given to the plaintiff as primary beneficiary refers on its face to part of the payment being interest and provides that, if the earnings of the insurer merit it, the "income to the Primary Beneficiary may be increased by an excess interest dividend as determined and apportioned by the Society."

Regardless of the figure of $48,359.50 supplied by the affidavit of the insurer's attorney, there is no reason to believe that this figure, actuarially arrived at by the insurer in order to prepare to meet obligations arising under the policy, actually represented the "value" of the policy under all contingencies.

Indeed, should the plaintiff outlive her actuarial life expectancy, the "value" of the policy at the death of the insured would have been greater than the figure used by the insurer in placing a "value" on the policy in his affidavit; and, conversely, should the plaintiff fail to reach her actuarial life expectancy, the "value" of the policy would be less than was stated in the affidavit.

Certainly, the company would not be obliged to pay the difference to the secondary beneficiary, nor would the company be permitted to invade the $35,000 face amount of the policy to make 5% payments to the plaintiff if she outlived her actuarial life-expectancy.

Under the circumstances, it is the opinion of this Court that the policy itself constitutes the statutory "agreement to pay interest", and the Heilbroner case, supra, appears to be the authority on which this court should, and hereby does, deny the plaintiff's motion and grant the defendant's motion for summary judgment.

Settle order.

## Appendix.

### Facts Stipulated by Attorneys.

It Is Hereby Stipulated and Agreed by and between the attorneys for the respective parties hereto, as follows:

1. That the photostatic copy of policy of insurance No. 4,747,473 issued by the Equitable Life Assurance Society of the United States (hereinafter called Equitable) on the life of Harry J. Handelman (deceased), husband of the plaintiff herein, which is attached to and made part of the complaint herein, is a true, exact and complete copy of the policy of insurance referred to in the complaint and that it is the policy of insurance in issue in this action.

2. That the said policy of insurance matured by reason of the death of said Harry J. Handelman, the insured, and that Equitable, in accordance with the terms of the said policy of insurance, paid annual installments of the proceeds thereof to the plaintiff herein, as the beneficiary thereof, during the following years in the amounts set opposite such years respectively, and that of such amounts of annual installments plaintiff included in her income and reported as income in her Federal income tax returns for such years the amounts likewise indicated opposite such years (as alleged in the complaint herein), as follows:

| Year | Amount of Annual Installment | Amount of Annual Installments Included by Plaintiff In Her Federal Income Tax Returns And On Which She Paid Income Taxes |
|---|---|---|
| 1942 | $1,750.00 | $1,304.68 |
| 1943 | 1,750.00 | 1,050.00 |
| 1944 | 1,750.00 | 1,050.00 |
| 1945 | 1,750.00 | 1,050.00 |

3. That the foregoing facts are hereby stipulated and agreed to for the purpose of submitting them as agreed facts on the motion and cross motion for summary judgment that said attorneys have agreed will be brought on before the

Court herein; that if the Court, in rendering its decision upon such motions, shall give judgment for the plaintiff herein, then it is further stipulated and agreed that the said amounts of insurance proceeds included as income by plaintiff in her Federal income tax returns, as aforesaid, shall thereupon be excluded as income for such years, that the plaintiff shall be entitled to refunds of Federal income taxes by reason of such exclusions, that the Internal Revenue Bureau of the United States Treasury Department shall compute forthwith, the amount of such refunds by recomputing plaintiff's Federal income taxes for said years on the basis of such exclusions, and that the defendant shall promptly pay the amounts of such refunds to the plaintiff, together with interest to the date of the payment of such refunds.