Elton B. HUNT and Berta B. Hunt, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 5870.

United States District Court
N. D. Oklahoma.

May 7, 1965.

Houston, Klein & Davidson and E. John Eagleton, Tulsa, Okl., for plaintiffs.

Sam E. Taylor, Asst. U. S. Atty., Tulsa, Okl., Herbert Kendrick, Tax Division, Dept. of Justice, Ft. Worth, Tex., for defendant.

DAUGHERTY, District Judge.

This action is brought by the plaintiffs, husband and wife, against the United States of America for the recovery of income taxes assessed and collected by the defendant from the plaintiffs for the years 1958, 1959 and 1960, for the sums $408.46, $479.80 and $501.11 respectively.

The case was submitted to the Court on a stipulated statement of facts. The plaintiffs are citizens of the United States and were residents of Tulsa County, Oklahoma during 1958, 1959 and 1960, and this Court has jurisdiction under 28 U.S.C.A. § 1346(a) (1). Venue is founded upon 28 U.S.C.A. § 1402(a) (2). Mrs. Berta B. Hunt was previously married to Varley D. Houston who, at his death on November 13, 1930, possessed certain life insurance policies with The Northwestern Mutual Life Insurance Company and the Mutual Benefit Life Insurance Company. Elton B. Hunt and Berta B. Hunt filed a joint federal income tax return for the years 1958, 1959 and 1960 in which they did not include the amounts received from the insurance companies as taxable income. The District Director of Internal Revenue assessed and collected from the plaintiffs herein a deficiency in income taxes and statutory interest in the amounts of $463.60, $515.79 and $508.53 for the years 1958, 1959 and 1960, respectively, and the taxpayers filed claims for refund of income tax in the above amounts, which claims were disallowed by the District Director of Internal Revenue.

At the death of the taxpayer's first husband, he possessed certain life insurance policies with The Northwestern Mutual Life Insurance Company and the Mutual Benefit Life Insurance Company. All payments to the taxpayer in the years 1958, 1959 and 1960 by both insurance companies were made pursuant to Option A of the various insurance policies naming the taxpayer as the beneficiary.

The Mutual Benefit Life Insurance Company policy provided that upon the death of the insured, "the proceeds shall be retained by the Company and Monthly interest payments made thereon * * * to my Wife, * * *." The Northwestern Life Insurance Company policies provided for either settlement of the proceeds in monthly installments at the rate of $2.47 per month for each $1,000.00 of the net proceeds, or by an annuity in an amount equal to 3% of the amount so retained.

The designation by the insured of the options resulted in the proceeds of his policies being retained upon his death by the respective companies and specified sums being paid to his widow, the taxpayer, as the life beneficiary, and upon her death (or, under some policies, upon

reaching age 45) the *face amount* of the policies was to be converted into an annuity of 20 payments, payable to her or the children of the insured.

The plaintiffs allege in their complaint that under the Internal Revenue Code of 1926, and by the law then prevailing, amounts passing under a life insurance contract payable on the death of the insured, which were not subject to an election by the beneficiary, cannot be taxable as ordinary income when received by said beneficiaries. The plaintiffs seek a judgment in the amounts of $408.46, $479.80 and $501.11 and statutory interest thereon for the respective years, plus costs of this action and such further relief as the Court should deem proper.

The defendant, United States of America, in its answer denies that the income taxes, the recovery of which is sought by this action, were illegally and erroneously assessed and collected by the defendant. The defendant prays for judgment in its favor, for dismissal of the plaintiffs' complaint, for costs and other relief as the Court deems proper.

The issue in this case is whether there was error in including in gross income the payments received under the insurance contracts during the three years in question. The Commissioner contends that the payments from the insurance companies represent income and the plaintiffs contend that the payments represent death benefits under insurance contracts and are not taxable.

The Revenue Act of 1926, Title 26 U.S. C.A. § 22(b) (1) is the applicable law:

"§ 22.   GROSS INCOME

"(b)  Exclusions from Gross Income. The following items shall not be included in gross income and shall be exempt from taxation under this title:

"(1) Life Insurance. Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or in installments (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income) * * * "

The issue presented to this Court is precisely the same as was presented in United States v. Heilbroner, 100 F.2d 379 (C.A.2d). The insured in the latter case exercised options to have the proceeds of his policies (three of which were issued by The Northwestern Mutual Life Insurance Company) paid in specified sums to his widow, and the face amount of the policies to the children upon her death. The court held that the installment payments to the widow were sums paid by the companies for the retention and use of the face amounts of the various policies without impairment of the obligations ultimately to pay the principal amounts of the several policies to the remaindermen. The payments were said to be solely for the use of money ultimately payable without depletion to designated beneficiaries and were fairly within the meaning of the word "interest".

"Three of the policies issued by the Northwestern Mutual Life Insurance Company instead of providing for the payment of 'interest' provide that the company 'pay an annuity equal to three per cent of the amount * * * retained.' But the word 'annuity' as used in these policies carries the same meaning as 'interest' for it is by their terms a payment for the use of principal sums which after the death of the insured had become unalterably payable without diminution on the death of Mrs. Heilbroner, the life beneficiary, to the ultimate remaindermen." (p. 381)

The Heilbroner case was reaffirmed by Strauss v. Commissioner, 21 T.C. 104, where the facts are similar to the case at bar in that the widow had the right to a specified rate of interest on the value of the policies. In addition, she had the privilege of withdrawing annually three per cent of the maturity value. She never made any withdrawals of principal. The Commissioner determined that the amounts received by the taxpayer constituted taxable interest in-

come. The taxpayer claimed that they were excluded by Section 22(b) (1). The court held that the amounts paid to the taxpayer as primary beneficiary constituted taxable interest income since the full amount of the principal was permitted to be retained undiminished by the insurers for the secondary beneficiaries.

The 1956 case of Handelman v. United States, D.C., 144 F.Supp. 153, relied on the Heilbroner case as authority in granting the defendant United States' motion for summary judgment. In Handelman the issue was whether the plaintiff was obligated, under Sec. 22(b) (1) of the Internal Revenue Code, to include as income any portion of the installments paid to her under a life insurance policy. The policy provided that upon the death of the insured, the insurance company, which was to retain the proceeds during the life of the primary beneficiary, was to pay her an annuity of 5% of the $35,000 face amount of the policy and to pay the retained proceeds (the face amount) to a secondary beneficiary. The court held that the payments in no way affected the total amount of the insurance payable under the policy and that they were interest as the United States Court of Appeals had defined the term in the Heilbroner case. The court found that in such a situation as was presented to them, the value of the policy would not be reduced by the payments made to the plaintiff.

■ It might be concluded from the above cases that the question to be decided is whether the payments received by the taxpayer, as installments or annuities, result in a diminution of the principal amount of the policy. It is held by the Heilbroner, Strauss, and Handelman cases that if such payment *does not result in a reduction* of the value of the policy, it is interest and should be included in gross income as provided by Section 22(b) (1) of the Internal Revenue Code. However, if there *is a diminution* of the principal or face amount of the policy, the cases hold that the payments are exempt from Federal income tax.

Thus, in four Circuit Courts of Appeals it has been held that under § 22(b) (1) a payment that results in a diminution of the principal is not taxable. In the First Circuit, Commissioner of Internal Revenue v. Winslow, 113 F.2d 418 (affirming (1939) BTA 373), the life insurance policy involved provided for payment to the beneficiary of $100,000 in 50 installments of $2,000 each. The commutation of the 50 annual installments of $2,000 each, at the date of the insured's death, was $53,000. The court held that the annuity was exempt under § 22(b) (1) since it was an amount received under a life insurance policy paid by reason of the death of the insured. The contention of the Commissioner that the payments were part interest and part principal, and that the interest should be included in gross income, was rejected.

Similarly, in Commissioner of Internal Revenue v. Bartlett, (1940, CCA 2d), 113 F.2d 766, the insurer was to make monthly payments to the taxpayer for a specified number of months after the death of the insured and to continue such payments during the lifetime of the taxpayer. The court, in holding such monthly payments exempt under § 22(b) (1), refused to adopt the distinction urged by the Commissioner between the part of such payments which might be considered an annuity and the part which might be termed strictly interest, saying that there was no basis for such a distinction in the statute. In distinguishing its decision from United States v. Heilbroner, supra, the court, in the Bartlett case, said the payments in Heilbroner "were made by way of interest and were accordingly held taxable since they were not within the terms of the exemption allowed in the above statute. The payments here involved (in Bartlett) were of an entirely different character in that they were installment payments which pro tanto diminished the total amounts payable under the policies." (113 F.2d p. 767)

Also in Commissioner of Internal Revenue v. Buck, 2 Cir., 120 F.2d 775, the life insurance policy carried by the taxpayer's father provided that the taxpayer was to be paid an annuity of $1,000 for 20 years and thereafter as long as the taxpayer lived. The court held that the portion of a payment received by the taxpayer which did not represent a return of capital was not taxable to the taxpayer in calculating income taxes.

Therefore, relying upon the decisions in Winslow, Buck and Bartlett, all supra, installments paid after the insured's death according to the terms of his life insurance policies were excludible from gross income under § 22(b) (1) when such payments resulted in a diminution of the principal.

The case of Allis v. La Budde et al., (1942, CCA 7th) 128 F.2d 838, dealt with an insured who exercised the option in the policy providing that the liability of the insurer upon his death should be discharged by paying monthly installments to his wife. The installment amounts were governed by her age at his death, for ten years certain, and after that during her life. The installments paid to her exceeded the face value of the policy, and the court held them to be excludible from gross income under § 22(b) (1). Quoting from page 840:

"Here, the payments were of an entirely different character, 'installment payments which pro tanto diminished the total amounts payable under the policies.' Comm. v. Bartlett, supra."

The attorney for the plaintiff in the case at bar places great emphasis in both of his briefs on the fact that during his lifetime the insured took from his widow all choice or election as to how she could receive the money. However, in relying on Kaufman v. United States, (1942, CCA 4th) 131 F.2d 854, the plaintiff ignores the fact that the court on page 856 specifically says:

"The same question here involved has been considered by three Circuit Courts of Appeals in Commissioner [of Internal Revenue] v. Winslow, 1 Cir., 113 F.2d 418, 133 A.L.R. 405; Commissioner [of Internal Revenue] v. Bartlett, 2 Cir., 113 F.2d 766; Commissioner [of Internal Revenue] v. Buck, 2 Cir., 120 F.2d 775; Allis v. LaBudde, 7 Cir., 128 F.2d 838, reversing, D.C.E.D.Wis., 40 F.Supp. 59.

"All these courts reached the conclusion that no part of the installments paid to the beneficiary was taxable."

And 131 F.2d at page 857, "We agree with the reasoning and conclusions of the three Circuit Courts of Appeals * * *." If the court in the Kaufman case was relying on the reasoning and conclusions of the three Circuit Courts of Appeals, then it too reached its decision that the installment payments were not taxable as gross income when said payments reduce the value of the policy. In other words, when there is an annuity, or an installment payment which is made up of part interest and part principal, then such payment in excess of the policy value is not treated as interest.

It is immaterial that the insured might have taken all choice of election from his beneficiary as is demonstrated by the Kaufman and Heilbroner cases, supra. In the Kaufman case the policies contained certain options (which the insured exercised), which permitted the insured to designate that instead of the lump sum being paid at the time of his death, the companies should retain the death benefits and pay certain stipulated payments over a period of years. It was held that the payments were excludible. In Heilbroner the insured exercised his options to have the proceeds of his policies retained upon his death by the companies and specified sums paid to his widow, as life beneficiary. It was held that the payments must be included in gross income.

The same result was reached in Commissioner of Internal Revenue v. Pierce, (1944, 2d Cir.) 146 F.2d 388, even though the taxpayer's husband did not during his life designate any of the options,

but after his death taxpayer elected to receive stipulated installments, which were held to be exempt.

The legislative history sustains the foregoing rationale:

"Existing law exempts the proceeds of life insurance from tax where they are received under a life-insurance contract and are paid by reason of the death of the insured. Where the life-insurance contract contains an option to have the proceeds paid at a date later than death, either in a lump sum or in installments, the total payments continue to be exempt, even though a substantial portion of such payments may include interest earned after the death of the insured. On the other hand, where the proceeds are retained by the insurer under a specific agreement to pay interest (for example, where proceeds are left with the insurer under an agreement to pay the interest to the beneficiary for life and to pay the principal to a second beneficiary on the death of the first), the interest payments must be included in gross income. Similarly, where the beneficiary and the insurer, by a supplemental agreement instead of an option contained in the policy, provide for payment in installments, the installments are not considered to be paid by reason of death and as a result the interest becomes taxable." (H.Rep. No. 1337, 83d Cong., 2d Sess., p. 14, U.S.Code Cong. and Adm.News 1954, p. 4038. In considering Section 101 of the Internal Revenue Code of 1954 (the successor to Section 22(b) (1)).

 There is no difference between the situation here involved and that contemplated by the parenthetical exception of Section 22(b) (1) of the Revenue Act of 1926. Here, as to each policy, the capital fund is being retained intact for a later beneficiary, and the money received by the immediate beneficiary (plaintiff) is interest or earnings on that capital fund. Hence the money received by the plaintiff during 1958, 1959 and 1960 clearly comes within the exception of the exclusion provided by § 22(b) (1).

Accordingly, judgment should be entered in favor of the defendant dismissing the complaint. Counsel for the defendant will prepare an appropriate judgment herein for the signature of the Court.